NOT DESIGNATED FOR PUBLICATION

No. 120,876

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYLER J. ULERY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed December 27, 2019. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., MALONE and POWELL, JJ.

PER CURIAM: Tyler J. Ulery appeals the district court's decision to revoke his probation and impose his underlying prison sentence. We granted Ulery's motion for summary disposition under Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State responded by asking us to affirm the district court's decision. After reviewing the record, we find that the district court did not abuse its discretion in revoking Ulery's probation. We, therefore, affirm.

FACTUAL AND PROCEDURAL HISTORY

The district court convicted Ulery following a guilty plea to one count of possession of methamphetamine. Ulery was on probation in another case at the time he committed this crime. Under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2018 Supp. 21-6801 et seq., his criminal history score was E because of several prior felony convictions for theft and burglary. The district court sentenced Ulery to 22 months in prison but released him on probation for a term of 18 months. Just 18 days after his release to probation, Ulery was out of the county without his probation officer's permission and was charged with driving while suspended, possession of a stolen vehicle, fleeing and eluding a law enforcement officer, and interference with a law enforcement officer in Kingman County. Ulery ultimately pled guilty to felony theft and interference with a law enforcement officer.

On May 10, 2018, Ulery admitted to violating the terms of his probation by committing new felonies. As a result, the district court revoked Ulery's probation and ordered him to serve his underlying 22-month sentence with the Kansas Department of Corrections. In doing so, the district court made a finding that intermediate sanctions were unnecessary under the circumstances because Ulery committed new crimes.

Ulery timely appeals.

ANALYSIS

On appeal, Ulery argues the district court abused its discretion in revoking his probation and ordering him to serve his original prison sentence rather than reinstate probation and impose a sanction. Ulery believes the district court abused its discretion when it imposed his underlying sentence because Ulery needed drug treatment and the primary reason for his convictions was his drug addiction. Ulery admits, however, that a

2

district court may bypass sanctions when a defendant commits a new offense while on probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A).

The procedure for revoking a defendant's probation is governed by K.S.A. 2018 Supp. 22-3716. Generally, once a defendant violates the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). The party asserting the district court abused its discretion bears the burden of showing an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012). A district court is not required to consider imposing any intermediate sanctions if a defendant commits a new crime while on probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A).

After reviewing the record, we find that the district court's decision to revoke Ulery's probation was not arbitrary, fanciful, or unreasonable. It was also not based on an error of fact or law. Ulery violated the law again shortly after his release on probation. The district judge who heard his case was the same judge who had heard his prior cases. The judge painstakingly went over the number of chances he had given Ulery to address his addiction problem. After citing specific incidents of noncompliance, the district judge concluded by also finding that Ulery presented a danger to public safety and that probation would not serve Ulery's welfare. See K.S.A. 2018 Supp. 22-3716(c)(9)(A).

> "I have . . . a young man [who] clearly has a methamphetamine problem. A person with a methamphetamine problem without any apparent means to support that habit represents a danger to the members of the public. And I think his history supports that. That if he needs to, he'll steal from people. And he'll take their property in order to support his habit. It also doesn't serve, and I'll make this finding with particularity, that it doesn't serve the defendant to continue to give him chances."

3

Finding no abuse of discretion, we affirm the district court's decision to revoke Ulery's probation and impose his original prison sentence.

Affirmed.